UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARIA ECKE,

                              Appellant,                          **ORDER**

- against -                                                      No. 22-CV-4134 (CS)

PURDUE PHARMA L.P.,

                              Appellee.
-------------------------------------------------------------x

Seibel, J.

       As this Court has already informed Appellant in three separate orders, (*see* ECF Nos. 4, 9, 11), she must file with the Bankruptcy Court a designation of the items to be included in the record on appeal and a statement of the issues to be presented, (*see id.*). That designation should only include "'items considered by the bankruptcy court in reaching a decision.'" (ECF No. 9 (quoting *In re Barrick Grp., Inc.*, 100 B.R. 152, 154 (Bankr. D. Conn. 1989).) In response to those orders, Appellant recently mailed to the Bankruptcy Court a number of documents addressed to this Court, which bore the civil case number of this appeal. But none of those documents appeared to be a designation of the record on appeal, *i.e.*, "a list of the documents in the Bankruptcy Court record that are relevant to [Appellant's] appeal." *Neal v. CGA Law Firm*, No. 19-CV-2078, 2020 WL 12763071, at *1 (M.D. Pa. May 29, 2020); *see* Fed R. Bankr. P. 8009(a)(4).[1] And, when a clerk at the Bankruptcy Court contacted Appellant after receiving those documents, she told the clerk that the documents were for this Court, not the Bankruptcy Court.

---

[1] The Court will send Appellant copies of unreported decisions cited in this Order.

Because those documents were not a proper designation of the record on appeal, they have since been returned to Appellant with instructions that she properly file such a designation with the Bankruptcy Court, not this Court. This Court does not wish to dismiss Appellant's appeal, but it cannot proceed unless she properly files a designation of the record on appeal, and the statement of issues, with the Bankruptcy Court. Appellant has already received three opportunities to properly file those documents but she has not done so. (*See* ECF Nos. 4, 9, 11.) In light of her *pro se* status, the Court will give Appellant one final chance to file the required documents. She is to file *with the Bankruptcy Court* a designation of the record on appeal – *i.e.*, a list of the documents in the Bankruptcy Court's record that are relevant to her appeal, *see Neal*, 2020 WL 12763071, at *1 – and a statement of the issues to be presented on appeal, *no later than May 22, 2023*. She is to file *only* those two documents.[2] Failure to do so will be grounds for dismissal for failure to prosecute. See *Koch v. Preuss*, No. 19-CV-2830, 2020 WL 1304084, at *3 (S.D.N.Y. Mar. 18, 2020) (collecting cases).

---

[2] If Appellant later wishes to correct the record on appeal due to a material omission or misstatement by the Bankruptcy Court, she will have to separately file a motion with this Court pursuant to Fed. R. App. P. 10(e). *See In re Peter J. Gould*, No. 07-CV-591, 2008 WL 2945606, at *2 (D. Conn. July 28, 2008). But "Rule 10(e) is not meant to allow a party to supplement the record on appeal with new evidence that was not before the bankruptcy court," *id.* at *2, and any issues Appellant identifies with the record on appeal that are not related to "misstatements or omissions due to errors or accidents" by the Bankruptcy Court are properly raised via "application to the bankruptcy court in the first instance," *In re Prudential Lines, Inc.*, 93-CV-1481, 1994 WL 142017, at *1 (S.D.N.Y. Apr. 20, 1994); *see In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 520 (Bankr. S.D.N.Y. 2005) (explaining that Fed. R. Bankr. P. 8006 "requires that the content of the record on appeal be resolved by the bankruptcy court" because "the bankruptcy court knows best what was before it and what it considered in making its ruling.").

**SO ORDERED.**

Dated: April 25, 2023
      White Plains, New York

                                                     CATHY SEIBEL, U.S.D.J.